# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist CRAIG V. RANKINS**
**United States Army, Appellant**

ARMY 20100494

Headquarters, 3d Infantry Division and Fort Stewart
Tara A. Osborn, Military Judge
Lieutenant Colonel Shane E. Bartee, Staff Judge Advocate

For Appellant: Mr. William E. Cassara, Esquire (argued); Captain A. Jason Nef, JA; Mr. William E. Cassara (on brief); Captain Robert A. Feldmeier.

For Appellee: Captain Steve T. Nam, JA (argued); Lieutenant Colonel Amber J. Roach, JA; Captain Steve T. Nam, JA (on brief); Major Robert A. Rodrigues.

16 October 2012

------------------------------------
SUMMARY DISPOSITION
------------------------------------

YOB, Senior Judge:

Pursuant to his plea, a military judge, sitting as a general court-martial, convicted appellant of violating a lawful general order in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892 (2006) [hereinafter UCMJ]. Contrary to his plea, the military judge convicted appellant of "knowingly and wrongfully possess[ing] eleven (11) images of child pornography, which conduct was prejudicial to good order and discipline in the Armed Forces and was of a nature to bring discredit upon the Armed Forces," in violation of Article 134, UCMJ, 10 U.S.C. § 934 (2006). The military judge sentenced appellant to a bad-conduct discharge, confinement for nineteen months, and reduction to the grade of E-1. The convening authority approved confinement for thirteen months and otherwise approved the remainder of the adjudged sentence.

Appellant's case is now before this court for review under Article 66, UCMJ. Appellant raises three assignments of error. After considering the record of trial,

appellant's assignments of error, the government's answer, and oral argument, we find that appellant is not entitled to relief.

In his first assignment of error, appellant alleges that the military judge erred by not suppressing the evidence seized from appellant's computer. In essence, appellant argues that Specialist (SPC) TM and Sergeant (SGT) MS were acting as government agents when they viewed files on appellant's computer in contravention of appellant's reasonable expectation of privacy.

On 25 September 2008, appellant brought his personal laptop computer to his place of duty, the "fuel standby shack" on Forward Operating Base (FOB) Iskan, Iraq. Appellant's duties at that location included standing by to issue fuel to those who might need it. Around 1200 that day, SPC TM temporarily relieved appellant, and appellant left the shack to update his Servicemembers Group Life Insurance (SGLI) form. When appellant left, his computer was open and running in plain view. Specialist TM sat down at the desk with appellant's laptop computer and saw it was playing a "Japanimation video." After "roughly five minutes," SPC TM closed the "Japanimation video" to look for something else to play on appellant's computer. Specialist TM clicked on a folder titled "recently changed" in order to find a movie to play. Instead, SPC TM viewed "thumbnail images of child pornography" and saw film titles that indicated the files contained child pornography.

Specialist TM testified that it was common for soldiers to use another's computer to watch movies. This was done to help pass the time during a standard twelve hour shift at the fuel shack. Specialist TM's squad leader, SGT MS, entered the fuel shack that day minutes after SPC TM found the images on appellant's computer. When SGT MS entered the shack, SPC TM showed him what he had found on appellant's computer.

For purposes of the Fourth Amendment, a "search" constitutes "a government intrusion into an individual's reasonable expectation of privacy." *United States v. Daniels*, 60 M.J. 69, 71 (C.A.A.F. 2004) (citations omitted). To determine if appellant had a reasonable expectation of privacy in his computer files under the circumstances, we must ask "first, whether the individual by his conduct has exhibited an actual (subjective) expectation of privacy and, second, [whether] the expectation [is] one that society is prepared to recognize as reasonable." *Id.* (quoting *Katz v. United States*, 389 U.S. 347, 361 (1967)) (alterations in original and internal quotation marks omitted).

First, appellant never prohibited SPC TM from using his computer or otherwise took measures to restrict the use of his computer by another fellow soldier. While the computer may have had a password protection feature, appellant did not activate this feature prior to leaving the shack. In fact, he did not turn his

computer off, carry his computer with him, or take any other steps to prevent third-party use of his computer prior to leaving the fuel shack. Thus, appellant's conduct did not subjectively exhibit any actual expectation of privacy. *See United States v. Barrows*, 481 F.3d 1246, 1248–49 (10th Cir. 2007) (finding appellant's "failure to password protect his computer, turn it off, or take any other steps to prevent third-party use" indicative of a lack of a subjective expectation of privacy).

Second, appellant's failure to take affirmative measures to limit a fellow soldier's access to his computer in an area readily accessible by others makes any expectation unreasonable. *See id*. at 1249 (stating "[t]hose who bring personal material into public spaces, making no effort to shield that material from public view, cannot reasonably expect their personal materials to remain private"); *United States v. Radar*, 65 M.J. 30, 34 (C.A.A.F. 2007) (recognizing that "[i]n the personal computer context, courts examine whether the relevant files were password-protected or whether the defendant otherwise manifested an intention to restrict third-party access") (citations omitted); *United States v. Springer*, 58 M.J. 164, 168–69 (C.A.A.F. 2003) (finding no reasonable expectation of privacy in the address information on the outside of a letter or the contents of information visible through an envelope because appellant knowingly exposed the envelope and contents to the public view). Thus, appellant's first assignment of error is without merit.

In his second assignment of error, appellant alleges that the military judge erred by not suppressing appellant's statement to Special Agent (SA) MH of the U.S. Army Criminal Investigative Division Command (USACIDC). Specifically, appellant argues that his statement to SA MH was involuntary because SA MH used psychological coercion. We look to the totality of the circumstances in assessing whether appellant's "will was overborne and his capacity for self-determination was critically impaired." *United States v. Chatfield*, 67 M.J. 432, 439 (C.A.A.F. 2009) (quoting *United States v. Bubonics*, 45 M.J. 93, 95 (C.A.A.F. 1996)). In making this assessment, we consider "both the characteristics of the accused and the details of the interrogation." *Id.* (citations omitted).

We find appellant's second assignment of error to be without merit in light of appellant's age (28), education (high school graduate), military experience (over five years), intelligence (103 GT score), the short length of the interrogation (less than 3 hours), the lack of any physical punishment such as food or sleep deprivation, law enforcement's proper advisal of appellant's right to silence and to an attorney, and the lack of any overbearing law enforcement tactics in this case. While SA MH did lie to appellant about how the images were discovered and did introduce the "merely curious" possession theory to appellant, lies or suggestions are "only a factor in the equation; they are not of themselves determinative of involuntariness." *United States v. Freeman*, 65 M.J. 451, 455 (C.A.A.F. 2008). Here, all of the facts indicate that appellant made a voluntary statement to SA MH.

In his third assignment of error, appellant argues that the evidence is legally and factually insufficient to support the finding of guilty for knowingly and wrongfully possessing child pornography images. We disagree. First, appellant admitted to SA MH that he "did possess child pornography" and recognized in August 2008 that the images depicted in files on his computer constituted child pornography. He admitted he moved these files into a separate folder on his computer. While appellant stated he intended to delete the images in this separate folder at a later time, he admitted he maintained them for at least a month and that the images of child pornography could still be found on his computer despite the fact he eventually deleted the folder.

Second, the government called SA BM, an expert in the field of computer forensic examinations. Special Agent BM found child pornography images in a folder titled "original images," which is hidden from the user under the normal, default computer settings. An image goes into the "original images" folder only after the user edits the original condition of a file. Thus, the "original images" hidden folder only contains copies of images in their original, unedited version, and SA BM testified that the images in the "original images" folder were created on 28 August 2008. Moreover, SA BM testified even if a user deletes an image, it will remain in the unallocated space of the computer until it is overridden by other files. Thus, SA BM expected to find images in the unallocated space of appellant's computer. However, SA BM did not find a single image (child pornography or otherwise) in the unallocated space of appellant's computer. This led SA BM "to conclude that more than likely an application of some sort had been run to wipe the unallocated space, to render files unrecoverable that were perhaps resident in [the] unallocated space."

Appellant's statement and SA BM's testimony regarding his forensic examination of appellant's computer provide ample support for the finding that appellant knowingly possessed images of child pornography. Appellant admitted to possessing child pornography, edited images of child pornography, and then took steps to delete the images from the unallocated space of his computer. *See United States v. Bass*, 411 F.3d 1198, 1202 (10th Cir. 2005) (finding that appellant knowingly possessed child pornography because he attempted to use software programs to remove the images from the computer in question). As such, appellant's third assignment of error is without merit.

## CONCLUSION

On consideration of the entire record, we hold the findings of guilty and the sentence as approved by the convening authority to be correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

Judge KRAUSS and Judge BURTON concur.

RANKINS—ARMY 20100494



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court