# Third District Court of Appeal

## State of Florida

Opinion filed September 7, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-3063
Lower Tribunal No. 14-405
_____


**Arthur Linde, etc.,**
Appellant,

vs.

**In re: Barrett M. Linde,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Bernard S. Shapiro, Judge.

Carlton Fields Jorden Burt, P.A., and Steven M. Blickensderfer; Carlton Fields Jorden Burt, P.A., and Peter D. Webster (Tallahassee), for appellant.

Arnold R. Ginsberg, P.A., and Arnold R. Ginsberg, for appellees.

Before WELLS, FERNANDEZ and SCALES, JJ.

SCALES, J.

Appellant Arthur Linde ("Temporary Guardian") appeals the final order of the trial court restoring Appellee Barrett Linde's ("Ward") full capacity. We affirm because the trial court did not abuse its discretion in both (i) restricting communication between the independent physician and Temporary Guardian throughout the physician's examination of Ward, and (ii) precluding the introduction of Ward's prior medical records at Ward's suggestion of capacity hearing.

## I. Facts

In early 2014, Temporary Guardian and his two sisters filed an emergency guardianship petition pursuant to section 744.3201 of the Florida Statutes to determine the capacity of their father, Ward. Pursuant to section 744.331, the trial court appointed a three-person examining committee to assist the trial court in its determination as to whether to appoint a guardian for Ward.

Pursuant to section 744.3031, the trial court also appointed Temporary Guardian as the emergency temporary guardian of Ward and appointed counsel for Ward. Following the unanimous recommendation of the examining committee, the parties entered into a mediated settlement agreement on April 2, 2014. In the settlement agreement, Ward and Ward's wife stipulated to the examining committee's finding of limited incapacity and to the admissibility of the examining committee's report in the guardianship proceedings.

2

Thereafter, on May 6, 2014, the trial court accepted the parties' stipulation and entered an order adjudicating Ward as having limited capacity. The trial court removed some of Ward's rights, including the rights to contract, manage property, sue, and marry.

The trial court retained Temporary Guardian as the limited, emergency temporary guardian of Ward and proceeded to a hearing for permanent guardian appointment. On May 30, 2014, however, Ward and his wife filed a motion for disqualification of the trial judge, which the trial judge granted.

Shortly thereafter, on June 24, 2014, Ward and his wife filed a suggestion of capacity with the successor judge, essentially asking the successor judge to restore Ward's rights. Temporary Guardian filed a timely objection to the suggestion of capacity, and the trial court appointed an independent physician to examine Ward and report on Ward's capacity pursuant to section 744.464 of the Florida Statutes.

Before the examination took place, Ward and his wife filed an emergency petition for an injunction to prevent Temporary Guardian from communicating with the court-appointed physician. Ward's motion alleged that ex parte communications between Temporary Guardian's attorneys and the examination committee had tainted the committee's report. Ward's motion sought, *inter alia*, an order prohibiting unsolicited communications between the Temporary Guardian and the independent physician.  The trial court granted the injunction, prohibiting

any contact between the independent physician and all counsel and parties other than Ward and Ward's wife. The trial court's order also established a collaborative mechanism for all counsel to convene in response to any request for additional information by the independent physician. After examining Ward, the independent physician diagnosed Ward as having bipolar disorder and a neurocognitive disorder. The independent physician, however, found Ward capable of exercising all of the rights that had previously been limited by the prior judge.

After the independent physician issued his report, Ward and his wife filed a motion in limine to exclude all evidence of Ward's mental health prior to the filing of Ward's suggestion of capacity, including the examining committee's report, Ward's medical history and background, and all the circumstances leading up to the filing of this action. The trial court orally granted the motion.

In October and November of 2014, the trial court conducted a two-day evidentiary hearing and, on November 26, 2014, entered the order on appeal that fully restored Ward's rights.

Temporary Guardian asserts both that (i) the trial court's injunction impermissibly prevented the court-appointed independent physician from having access to and considering all relevant information regarding Ward, and (ii) the trial court's order granting Ward's motion in limine prevented Temporary Guardian from presenting critical evidence bearing on Ward's capacity.

## II. Standard of Review

As is often the case, this appeal rises or falls based on the standard of review we employ. Temporary Guardian's appeal of the trial court's final order is premised upon two pre-hearing orders entered by the trial court related to its statutory adjudicatory obligation to determine whether to restore some of Ward's rights.

Because both orders involve evidentiary issues, we review both orders under an abuse of discretion standard. Cardona v. Nationstar Mortg., LLC, 174 So. 3d 491, 493 (Fla. 4th DCA 2015). A trial court's injunction order will not be disturbed absent an abuse of discretion, Jackson v. Echols, 937 So. 2d 1247, 1249 (Fla. 3d DCA 2006); while a trial court's evidentiary ruling on a motion in limine is also subject to an abuse of discretion standard. Patrick v. State, 104 So. 3d 1046, 1056 (Fla. 2012).

## III. Analysis

### A. *The Trial Court's Injunction Order*

While Temporary Guardian concedes that the trial court's ruling on Ward's motion in limine is reviewable under an abuse of discretion standard, Temporary Guardian suggests that we employ a de novo review of the injunction. Temporary Guardian argues that the trial court erred as a matter of law in limiting his interaction with the independent physician appointed to evaluate Ward. Temporary

5

Guardian posits that, as a practical matter – and, presumably, as a matter of law – a physician provided with more information renders a better opinion than a physician provided with less information. While the Temporary Guardian's general proposition obviously has abstract allure, it lacks applicability to the legal issues involved in this case for at least two reasons: (i) it ignores the distinct statutes involved in the relevant guardianship determinations; and (ii) it disregards the fact that the trial court lawfully sequestered the independent physician, while establishing an orderly mechanism for providing requested information to the independent physician.

To better understand why we are reviewing the injunction order under an abuse of discretion standard, we briefly examine the relevant provisions of the two statutes implicated in this case: (i) section 744.331 governing initial determination of incapacity, and (ii) section 744.464 governing restoration proceedings.

Upon receipt of a petition to determine incapacity, the trial court is required to appoint a three-person examining committee to determine initially a person's alleged incapacity. § 744.331(3)(a), Fla. Stat. (2014). In pertinent part, the statute provides:

> Each member of the examining committee shall examine the person…In addition to the examination, *each examining committee member must have access to, and may consider, previous examinations of the person,* including, but not limited to, habilitation plans, school records, and psychological and psychosocial reports voluntarily offered for use by the alleged incapacitated person . . . .

6

§ 744.331(3)(e), Fla. Stat. (2014). (emphasis added)

At any time after a ward is declared incapacitated pursuant to section 744.331, any interested person, including the ward, may file a suggestion of capacity to have the trial court restore any rights previously removed. Pursuant to the relevant statute, "[t]he suggestion of capacity must state that the ward is *currently* capable of exercising some or all of the rights which were removed." § 744.464(2)(a), Fla. Stat. (2014) (emphasis added). Upon the filing of a suggestion of capacity, the trial court must immediately appoint a physician to conduct an examination of the ward who must conduct an examination and file a report within twenty days of appointment. § 744.464(2)(b), Fla. Stat. (2014).

As the statute governing initial incapacity determinations makes clear, each member of the examination committee *must have access* to prior examination reports of the alleged incapacitated person. No such requirement is contained in the statute governing examinations of a ward conducted upon the filing of a suggestion of capacity. In fact, section 744.464(2) neither incorporates section 744.331's examination requirements, nor contains any other specific requirements for the independent physician's examination.

Temporary Guardian asserts that we should graft requirements onto section 744.464(2) that the Legislature did not include, and then, employing de novo review, reverse the trial court's injunction as if those requirements were contained

in the statute. We decline Temporary Guardian's invitation to add provisions to section 744.464(2) that simply are not there. Hayes v. State, 750 So. 2d 1, 4 (Fla. 1999). Further, nothing in this record suggests that the trial court's injunction impermissibly frustrated the independent physician's compliance with the admittedly minimal examination requirements prescribed by section 744.464(2).

A close and careful review of the trial court's injunction order, and the proceedings thereon, reveal that the trial court was concerned about the possible effect of ex parte communications on the independent physician's evaluation of Ward. Recognizing Ward's allegations regarding the examination committee's evaluations, the trial court prohibited ex parte communications between Temporary Guardian and the independent physician, while establishing a mechanism for the physician to obtain additional information that the physician deemed necessary.[1] This mechanism merely facilitated the orderly dissemination of information to the independent physician and in no way constituted an abuse of the trial court's discretion.[2]

_____

[1] If the independent physician determined that communication with a third party was necessary, the third party would be contacted to arrange a conference call to be attended by all counsel and the independent physician. If an agreement could not be reached between both parties, then the parties were required to seek court instruction.

[2] In Florida, "[t]he trial court is afforded broad discretion in granting, denying, dissolving, or modifying injunctions, and unless a clear abuse of discretion is demonstrated, an appellate court must not disturb the trial court's decision." Jackson, 937 So. 2d at 1249.

## B. *Order on Ward's Motion in Limine*

Temporary Guardian also challenges the trial court's order on Ward's motion in limine. The order precluded the admission of evidence not directly related to Ward's then current capacity.

As section 744.464 makes clear, the purpose of the suggestion of capacity evidentiary hearing is for the trial court to determine whether the ward has regained capacity so that rights previously removed from the ward should be restored. § 744.464(3), Fla. Stat. (2014). Indeed, the allegation that must be established by a preponderance of the evidence is whether "the ward is currently capable of exercising some or all of the rights which were removed." § 744.464(2)(a), Fla. Stat. (2014).

Temporary Guardian argues that the trial court abused its discretion by precluding evidence of Ward's prior capacity, the report of the evaluation committee, and other historical evidence related to Ward's mental health. While such historical evidence may have some probative value for a trial court charged with determining a ward's current capacity, we cannot say on this record that the trial court abused its discretion by precluding such evidence. We recognize that the trial court is in a far better position than the appellate court to make such evidentiary considerations and, therefore, we will not disturb the trial court's ruling

on Ward's motion in limine. <u>Golden Yachts, Inc. v. Hall</u>, 920 So. 2d 777, 780 (Fla. 4th DCA 2006).

Based on the foregoing, we affirm the trial court's final order restoring to Ward those rights previously removed.

Affirmed.